UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| PARSONS 4E, LLC, et al., | ) | |
| | ) | |
| Appellants/Defendants, | ) | Civil Action No. 6: 07-322-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| HOPE INDUSTRIES, LLC, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Appellees/Plaintiffs. | ) | **AND ORDER** |
| | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On this date, the Court entered a Memorandum Opinion and Order denying the Appellants/Defendants' Motion for a Temporary Restraining Order to prohibit the sale of certain assets that are the subject of the underlying foreclosure action in Clay Circuit Court. [Record No. 25] The Court found that United States Bankruptcy Judge Joseph M. Scott's order remanding the case to Clay Circuit Court appeared to be a final order within the meaning of 28 U.S.C. § 157. Accordingly, the Court concluded that 28 U.S.C. § 1447(d) most likely barred the Appellant/Defendants' appeal and that the factors for injunctive relief weighed against granting the Appellant/Defendants' motion for emergency relief.

Also pending are Appellee/Plaintiffs Hope Industries, LLC and Mt. Vernon Financial Holdings, Inc.'s motions to dismiss. [Record Nos. 10, 16] The Appellee/Plaintiffs contend that, under the Supreme Court's decision in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124

(1995), this Court lacks jurisdiction over the current appeal pursuant to 28 U.S.C. § 1447(d) because the Bankruptcy Court remanded the action for a defect in removal procedures, which is one of the grounds enumerated in 28 U.S.C. § 1447(c). In response, the Appellant/Defendants contend that 28 U.S.C. § 1452 controls a district court's review of bankruptcy court's decisions, and that only a court of appeals is barred from reviewing remand orders.

In *Things Remembered*, *Inc. v. Petrarca*, the United States Supreme Court expressly held that § 1447(d) applies to bankruptcy cases, noting the "universality of the practice of denying appellate review of remand orders." *Things Remembered*, 516 U.S. at 128. (citing *United States v. Rice*, 327 U.S. 742, 752 (1946)) ("Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage."). In particular, the Court held that "[t]here is no reason §§ 1447(d) and 1452 cannot comfortably coexist. We must, therefore, give effect to both." *Id*. at 129. Further, "[i]f an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d), regardless of whether the case was removed under § 1441(a) or § 1452(a)." *Id*.

Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) (2007). The Supreme Court has clarified that this section "must be read *in pari materia* with § 1447(c) so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Things Remembered*, 516 U.S. at 127 (citing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976)). Accordingly § 1447(d) bars review of orders of remand

"based on a timely raised defect in removal procedure or on lack of subject matter jurisdiction." *Id*.

Likewise, courts have generally held that a bankruptcy court's order remanding the case for a defect in removal procedures or lack of subject matter jurisdiction is not reviewable by the district court or the bankruptcy appellate panel pursuant to 28 U.S.C. § 1447(d), even if the appellate court finds that the bankruptcy court's decision was wrong. *See, e.g., In re Telluride*, 364 B.R. 390, 399 (B.A.P. 10th Cir. 2007); *In re Richardson*, 319 B.R. 724, 729 (Bankr. S.D. Fla. 2005); *Estrada v. Aladdin Western Export Corp.*, 61 B.R. 675, 677 (Bankr. D. P.R. 1985). Most recently, in *In re Telluride*, the Bankruptcy Appellate Panel for the Tenth Circuit held that, "[u]nder § 1447(d), any appellate review of orders to remand is precluded if the order is based on a procedural defect or lack of subject matter jurisdiction. This section does not use the term 'court of appeals' but prohibits *any review* on appeal." *In re Telluride*, 364 B.R. at 399 (emphasis added) (holding that the court was precluded from reviewing the bankruptcy court's remand order, even if that order was in error); *see also In re Richardson*, 319 B.R. at 729 (holding that §1447(d) precluded review of the bankruptcy court's "remand orders based on lack of subject matter jurisdiction even when the decision is wrong"); *Estrada*, 61 B.R. at 677 (holding that the bankruptcy court was barred from reconsidering its own remand order and that "[b]ecause the Bankruptcy Court was without jurisdiction to review the remand order, this Court is similarly barred under the applicable statute to disregard the remand and entertain the action").

In the present case, the Bankruptcy Court remanded the foreclosure action to the Clay Circuit Court because Appellant'/Defendants' removal was untimely and because it should

abstain from exercising jurisdiction pursuant to both § 1334(c)(1) and (2). The Bankruptcy Court's finding of untimeliness is a defect in removal procedures and is covered by § 1447(c). Accordingly, its decision clearly falls under the purview of § 1447(d), and this Court is barred from reviewing the decision.[1]

Accordingly, it is hereby

**ORDERED** as follows:

1.   Appellees/Plaintiffs Hope Industries, LLC and Mt. Vernon Holdings, Inc.'s Motions to Dismiss [Record Nos. 10, 16] are **GRANTED**.

2.   All remaining motions are **DENIED** as moot.

3.   This appeal is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 9th day of November, 2007.

---

[1] Although this Court went into some detail regarding the finality of the Bankruptcy Court's Order in its Memorandum Opinion and Order on the Appellant/Defendants' motion for a temporary restraining order, it need not ultimately decide this issue to determine that it lacks jurisdiction pursuant to § 1447(d). The Bankruptcy Court found that the removal was untimely, and the court in *Telluride* held that a bankruptcy court's remand order for one of the reasons enumerated in § 1447(c) was non-reviewable even as it relates to non-core proceedings.

In *Telluride*, the bankruptcy court failed to specify whether it lacked jurisdiction under § 1334(c)(1) or (2), and the Bankruptcy Appellate Panel found that the lower court most likely intended to abstain pursuant to § 1334(c)(1), which pertains to both core and non-core proceedings. *In re Telluride*, 364 B.R. at 398-99. The court concluded that, because the bankruptcy court found that it lacked subject matter jurisdiction, one of the grounds specified under § 1447(c), it was barred from reviewing the remand order pursuant to § 1447(d), without determining whether the underlying action was actually a core or non-core proceeding. *Id*. at 400.

In the present case, the Bankruptcy Court found that it lacked jurisdiction because the removal was untimely and because it should abstain pursuant to § 1334(c). The finding of untimeliness is a defect in the removal procedures, which is one of the grounds listed in § 1447(c). Therefore, this Court lacks jurisdiction to review the remand order pursuant to § 1447(d), regardless of whether it agrees with the bankruptcy court's decision.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge